UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FELIX ARMANDO ZAVALA CORTEZ, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| PATRICIA HYDE, *Field Office Director*, | * | Civil Action No. 25-cv-13037-ADB |
| TODD LYONS, *Acting Director, U.S.* | * | |
| *Immigration and Customs Enforcement*, and | * | |
| KRISTI NOEM, *U.S. Secretary of* | * | |
| *Homeland Security*, | * | |
| | * | |
| Respondents. | * | |
| | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Before the Court is Felix Armando Zavala Cortez's Petition for Writ of Habeas Corpus, [ECF No. 1], and Motion for Temporary Restraining Order, [ECF No. 14]. The Court has jurisdiction pursuant to 28 U.S.C. § 2241.[1] For the reasons set forth below, the Petition is **DENIED** with leave to reopen if necessary, and the Motion is, accordingly, **DENIED**.

---

[1] Respondents previously disputed that Petitioner was in Massachusetts at the time his petition was filed. See [ECF No. 10 at 1]. Counsel for Petitioner subsequently submitted an affidavit, supported by documentary evidence, indicating that the petition was filed while Petitioner was in Massachusetts but was not docketed until the following day due to a technical problem. See [ECF No. 12-1]. Upon that showing, Respondents indicated, at a status conference before the Court, that they do not dispute jurisdiction. [ECF No. 16]. The Court will maintain jurisdiction over the action because it concludes that the petition was filed while Petitioner was in Massachusetts and, therefore, was proper.

I.      BACKGROUND

        A.      Facts

Petitioner is a citizen of El Salvador who was previously removed from the United States in 2006 pursuant to a final order of removal under 8 U.S.C. § 1231.  [ECF No. 20-1 ¶¶ 6, 12, 13].  In March 2022, he was encountered again in the United States, taken into custody, and served with a notice of decision to reinstate his order of removal.  [Id. ¶¶ 15–16].  Petitioner was ultimately placed in withholding-only proceedings.  [Id. ¶¶ 17–20].  In July 2022, Petitioner was released from custody because his medical conditions, discussed infra, placed him at high risk of harm from the COVID-19 virus.  See [id. ¶ 21].  On October 16, 2025, Immigration and Customs Enforcement ("ICE") determined that release was no longer necessary because the COVID-19 national emergency was over and took Petitioner back into custody to adjudicate his withholding-only proceedings.  [Id. ¶¶ 22–23].



███████████████████████████████████████████████████████████████████████████████, ██████████████████████████.  [ECF No. 21-1 at 4, 8].  Two weeks before he was detained by ICE, ██████████████████████████████, [id. at 4], ██████████████████████████████.  His medical condition requires close management by medical professionals, see generally [ECF No. 21-1].  ██████████████████████████████████████████████████████████████.  [Id. at 9].

██████████████████████████████████████████████████████████████████████████████████ [Id. at 5].  ██████████████████████████████████████████████████████████████████, ██████████████████████████████████████████████████████.  [Id. at 5].  ████ ██████████████████████████████████████████.  [Id. at 4].  Due to his medical needs, he filed this Petition on October 17, 2025, seeking release or placement "in a community-based alternative to detention such as conditional release, with access to appropriate medical care."

[ECF No. 1 at 8].  He was subsequently moved to Strafford County Corrections in Dover, New Hampshire.  [ECF No. 10 at 2].

Respondents have filed a declaration by the medical administrator of the Strafford County Department of Corrections, Benjamin Lock, [ECF No. 20-2 ("Lock Decl.")].  On October 17, 2025, Petitioner received a medical intake.  [Lock Decl. ¶ 4].  He was given a bottom bunk, arrangements to fill his active prescriptions were made, ███████████████

███████████████.  [Id. ¶¶ 5–8].  ███████████████

███████████████.  [Id. ¶ 9].

### B. Procedural history

Petitioner filed his Petition for Writ of Habeas Corpus on October 17, 2025.  [ECF No. 1].  The same day, the Court issued an electronic order requiring Respondents to facilitate Petitioner's access to his medication and to file a responsive pleading no later than October 22, 2025.  [ECF No. 5].  Respondents filed an Opposition on October 22, 2025, [ECF No. 10], in which they disputed both the Court's jurisdiction and the availability of habeas as a remedy for the harms Petitioner alleges.  [Id. at 1–2].  Petitioner filed his Motion for Temporary Restraining Order on October 24, 2025, [ECF No. 14], seeking a preliminary injunction or temporary restraining order "enjoining Respondents from transferring or removing Petitioner from the District of Massachusetts during the pendency of this case," an order compelling Respondents to "ensure immediate medical care, including access to prescribed medications and specialist treatment," and an "expedited hearing to determine whether Petitioner should be released on medical or humanitarian grounds to community supervision."  [Id. at 4].  At a status conference on October 27, 2025, [ECF No. 16], Respondents indicated that they would no longer contest jurisdiction, and on October 28, 2025, [ECF No. 17], the parties agreed to submit additional

3

documents related to Petitioner's medical needs and the care he was receiving at Strafford. Those filings have now been submitted, [ECF Nos. 20, 21], and both the Petition and Motion are ripe for decision.

## II.     ANALYSIS

Respondents would have the Court dismiss the Petition at the outset, because, they argue, "challenges to the constitutional adequacy of medical care should proceed as civil rights claims or ordinary actions under federal law, not as a petition for habeas corpus." [ECF No. 10 at 1–2 (citing Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973))]. While it was once true that many sessions of this Court "consistently rejected habeas petitions challenging inadequate medical care," Crooker v. Grondolsky, No. 12-cv-12024, 2012 WL 5416422, at *1 n.1 (D. Mass. Nov. 1, 2012) (collecting cases), things changed during the COVID-19 pandemic. In light of the global health emergency, sessions of this Court began to acknowledge that "habeas relief plainly is available" for petitions that challenge "the fact or duration of . . . confinement and seek[] release from such confinement," as opposed to disputing a particular course of treatment or lack thereof. Baez v. Moniz, 460 F. Supp. 3d 78, 82 (D. Mass. 2020); see Savino v. Souza, 459 F. Supp. 3d 317, 323 n.5 (D. Mass. 2020) (discussing the open texture of the law on point in this circuit). Given that Petitioner explicitly seeks release from his detention—and only release, not some adjustment to the care he is receiving—the Court will construe this as a challenge to the fact of Petitioner's detention, which properly sounds in habeas.

Petitioner is an immigration detainee who is being held during the pendency of his withholding-only proceedings. Immigration proceedings "are civil, not criminal, and . . . are nonpunitive in purpose and effect." Zadvydas v. Davis, 533 U.S. 678, 690. Individuals in federal immigration detention are civil detainees protected by the Due Process Clause of the

4

Fifth Amendment, see id. Civil detainees like Petitioner may raise constitutional challenges to any course of action that falls short of the care required by the Eighth Amendment in the criminal carceral context. Coscia v. Town of Pembroke, 659 F.3d 37, 39 (1st Cir. 2011). Accordingly, Petitioner must show (1) an objective, serious deprivation of care, and (2) subjective, deliberate indifference to his health or safety. Leite v. Bergeron, 911 F.3d 47, 52 (1st Cir. 2018) (citing Farmer v. Brennan, 511 U.S. 825, 832–37 (1994)). Petitioner has not made such a showing on the record before the Court. Assuming, for the sake of argument, that his conditions of detention constitute a serious deprivation of care, the evidence still does not suggest that Respondents have shown deliberate indifference to his health or safety. To the contrary, on the current record, it appears that Respondents acted promptly to address the most pressing issues identified by Petitioner's doctors.

Petitioner directs the Court to three cases in which habeas relief was contemplated on medical grounds, [ECF No. 12 at 4], but these cases all arose during the COVID-19 pandemic and are therefore distinguishable. In Gomes v. United States Dep't of Homeland Security, 460 F. Supp. 3d 132 (D.N.H. 2020), the Court granted preliminary relief pending a ruling on the merits to detainees whose health conditions placed them at "high risk of serious injury or death should they contract COVID-19," but delayed consideration of the claims of other detainees. Id. at 135. In Baez, the Court concluded that, in light of measures being taken by the respondent to prevent the introduction or spread of COVID-19, the petitioners had not shown a likelihood of success in establishing the respondent's deliberate indifference to their wellbeing. 460 F. Supp. 3d at 88–91. In Sallaj v. U.S. Immigr. & Customs Enf't, No. 20-cv-00167, 2020 WL 1975819 (D.R.I. Apr. 24, 2020), the Court granted preliminary relief because the respondents' ability to prevent the ongoing spread in the detention center of COVID-19, a "highly contagious [disease]

5

with a relatively high mortality rate," id. at *2, was "diminishing," id. at *3, such that the petitioner was at imminent risk of contracting the then-very-dangerous disease. By contrast, the risks to Petitioner's health identified by his doctors have apparently been addressed, or are in the process of being addressed, by Respondents. See [Lock Decl. ¶¶ 2–11].

Here, despite questioning the wisdom of Respondent's decision to detain Petitioner in light of his complex medical issues, the Court, consistent with applicable law, must deny the Petition as well as the motion for injunctive relief.

### III. CONCLUSION

The Petition is **DENIED** without prejudice. Petitioner may move to reopen the action, upon a showing of good cause, if circumstances change such that he has a colorable claim that Respondents are violating the deliberate indifference standard.

**SO ORDERED.**

November 13, 2025  /s/ *Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE